# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WPENGINE, INC.,<br><br>    Defendant. | Civil Action No. 6:22-cv-00786<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DataCloud Technologies, LLC (hereinafter, "Plaintiff" or "DataCloud") files this Complaint for patent infringement against Defendant WPEngine, Inc. (hereinafter, "Defendant" or "WPEngine") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Patents-in-Suit") issued by the United States Patent and Trademark Office ("USPTO"), copies of which are attached hereto as **Exhibit A, Exhibit B, Exhibit C,** and **Exhibit D**, respectively:

| | **U.S. Patent No.** | **Title** |
|---|---|---|
| A. | 7,209,959<br>(the "'959 patent") | Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain Providing Anonymity To A Client Communicating On The Network |
| B. | 7,398,298<br>(the "'298 patent") | Remote Access And Retrieval Of Electronic Files |
| C. | 8,615,555<br>(the "'555 patent") | Remote Access And Retrieval Of Electronic Files |
| D. | 8,762,498<br>(the '498 patent") | Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain |

2.      Plaintiff seeks monetary damages.

## PARTIES

3.      DataCloud is a limited liability company organized and existing under the laws of the State of Georgia and maintains its principal place of business at 44 Milton Avenue, Suite 254, Alpharetta, Georgia, 30009 (Fulton County).

4.      Based upon public information, WPEngine is a corporation duly organized and existing under the laws of the state of Delaware since July 12. 2011.

5.      Based upon public information, WPEngine has its principal place of business located at 504 Lavaca Street, Suite 1000. Austin, Texas 78701 (Travis County).

6.      Defendant may be served through its registered agent, Capital Corporate Services, Inc., located at 206 East 9th Street, Suite 1300, Austin, Texas, 78701.

## JURISDICTION AND VENUE

7.      Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

8.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9.      The Court has personal jurisdiction over WPEngine because: Defendant has minimum contacts within the State of Texas and in this District; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this District; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within this District, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in this District.

10.     More specifically, Defendant directly and/or through its intermediaries, ships,

distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Texas, and in this District.

11.     Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, and offer its services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

12.     Defendant maintains a regular and established place of business in this District.

13.     Defendant commits acts of infringement in this District, including, but not limited to, use of the Accused Instrumentalities identified below.

14.     Therefore, venue is proper against Defendant in this District pursuant to 28 U.S.C. §1400(b) because it has established and maintained a regular place of business in this District and has committed acts of patent infringement in this District.

## THE ACCUSED INSTRUMENTALITIES

15.     Based upon public information, Defendant owns, operates, advertises, and/or controls the website www.wpengine.com through which it advertises, sells, offers to sell, provides and/or educates customers about its website hosting platforms.  *See* **Exhibit E.**

16.     Defendant offers at least the following products (hereinafter, the "Accused Instrumentalities") that infringe one or more claims of the Patents-in-Suit:

- WPEngine's website hosting platforms (hereinafter, "WPEngine Website Hosting"), which includes at least:

  - WordPress Hosting for Business Platform – *see* **Exhibit F**;

  - Enterprise WordPress Hosting Platform - *see* **Exhibit G**;

  - WooCommerce Hosting Platform - *see* **Exhibit H**; and

  - Headless WordPress Platform – *see* **Exhibit I**.

- WPEngine's platform management hub (the "User Portal")



## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,209,959

17.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

18.     The '959 patent was issued on April 24, 2007 after full and fair examination by the USPTO of Application No. 09/542,858 which was filed on April 4, 2000.  *See* Ex. A.

19.     The claims of the '959 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve networks and network systems by anonymizing network activity for individual clients and groups of clients.

20.     The written description of the '959 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

21.     DataCloud owns all substantial rights, interest, and title in and to the '959 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and

to collect damages for all relevant times.

22.     DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '959 patent.

23.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '959 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its WP Engine Website Hosting.

24.     Upon information and belief, the WP Engine Website Hosting meets each and every element of at least Claim 1 of the '959 Patent, either literally or equivalently.

25.     Based upon public information, Defendant has infringed one or more claims of the '959 Patent, including Claim 1, because the WP Engine Website Hosting provides a method of, in response to a request (*e.g.,* ""Client Hello") by a client (*e.g.*, 10.1.10.225) to initiate communication with a destination website (*e.g.,* www.wpengine.com); setting up a forwarding session (*e.g.*, from the internet to a WWW server) between the client (*e.g.*, internet device) and a destination server corresponding to the destination website (*e.g.*, WWW server), the forwarding session employing a forwarder disposed between (*e.g.*, a front-end server switch) the client and the destination server to forward packets sent from the client to the destination server and to forward packets sent from the destination server to the client (*e.g.,* bilateral communications); employing the forwarder (*e.g.,* front-end server switch), to transfer packets (*e.g.*, ethernet or others) between the client (*e.g.*, internet device) and the destination server (*e.g.*, WWW server) during the forwarding session, wherein the forwarding session is set up and implemented such that neither the client or the destination server is aware of the employment of the forwarder (*e.g.*, the WWW

server has a direct TCP connection between a local IP address and a client IP address, each being different; thus, neither the client or the destination server is aware of the employment of the forwarder); employing a controller configured to communicate (*e.g.*, firewall) with the forwarder (*e.g.*, front-end server switch) and a domain name server (*e.g.*, a DNS), wherein the controller queries the domain name server to resolve the name of the destination website (*e.g.,* www.wpengine.com) associated with the destination server (*e.g.*, WWW server) and initiates communication (*e.g.*, between the firewall and front-end server switch) with the forwarder in response to an answer from the domain name server to resolve the name of the destination website associated with the destination server; employing a deceiver (*e.g.*, router) configured to communicate with the controller (*e.g.*, firewall) and the client (*e.g.*, internet device), wherein the deceiver receives the request by the client to initiate communication (*e.g.*, from the internet to the router) with the destination website (*e.g.*, www.wpengine.com on a WWW server) and initiates the controller to query the domain name server to resolve the name of the destination website associated with destination server (*e.g.*, the router both (i) receives the request and (ii) sends the data from the WWW server in a manner that makes the router appear to be the source of the data, when the source of the data is actually the WWW server); and in response to the controller (*e.g.*, router) receiving the answer from the domain name server and initiating communication with the forwarder initiating the forwarding session.

26.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

27.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35

U.S.C. § 284.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,398,298

28.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

29.     The '298 patent was issued on July 8, 2008, after full and fair examination by the USPTO of Application No. 11/690,803 which was filed on March 23, 2007. *See* Ex. B.

30.     The claims of the '298 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve the retrieval and transmission of data from and/or to a remote server.

31.     The written description of the '298 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

32.     DataCloud owns all substantial rights, interest, and title in and to the '298 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

33.     DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '298 patent.

34.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '298 patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or

advertises its WP Engine User Portal (as part of WP Engine Website Hosting).

35.    Upon information and belief, the WP Engine User Portal (as part of WP Engine Website Hosting) meets each and every element of at least Claim 13 of the '298 patent, either literally or equivalently.

36.    Based upon public information, Defendant has infringed one or more claims of the '298 patent, including Claim 13, because the WP Engine User Portal (as part of the WP Engine Website Hosting) provides a method for remote control of data directory structures (*e.g.*, webpages and functions accessible to discrete users) across at least one communications network (*e.g.*, Internet) that has a computer server (*e.g.*, WWW server), the computer server coupled to the communications network (*e.g.*, Internet); a remote data directory structure management computing application (*e.g.*, the User Portal interface) operating on the computer server (*e.g.*, WWW server) to process received requests for remote data directory management (*e.g.*, add a user) of desired data residing in directory structures by participating users (*e.g.*, users that have been given permissions); and a profile data store (*e.g.*, a secure SQL server/database) comprising information relating to the data and data directory structures (*e.g.*, information on permissions, files, and operations available to users, account users, and administrators, for instance) accessible to each of the participating users, wherein the profile data store is queried for the data directory structures accessible to each of the participating users (*e.g.*, to determine user permissions), wherein a single directory structure (*e.g.*,  permission for a user must be selected from one of the available roles) from among a plurality of the data directory structures associated with the profile data store is selected by each of the participating users for modification and is delivered along with data to the specified user over the communications network (*e.g.*, Internet) using the computer server (*e.g.*, WWW server) with delivery by the system of at least one notification to the user of the data

delivery, evaluating the profile data store to determine whether the requested data are accessible, and delivering the requested data along with a confirmation notice.

37.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

38.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,615,555

39.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

40.     The '555 patent was issued on December 24, 2013, after full and fair examination by the USPTO of Application No. 12/169,074 which was filed on July 8, 2008.  *See* Ex. C.

41.     The claims of the '555 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include inventive components that improve the retrieval and transmission of data from and/or to a remote server.

42.     The written description of the '555 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

43.     DataCloud owns all substantial rights, interest, and title in and to the '555 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and

to collect damages for all relevant times.

44.     DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '555 patent.

45.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '555 patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its WP Engine User Portal (as part of WP Engine Website Hosting).

46.     Upon information and belief, the WP Engine User Portal (as part of the WP Engine Website Hosting) meets each and every element of at least Claim 1 of the '555 patent, either literally or equivalently.

47.     Based upon public information, the WP Engine User Portal (as part of the WP Engine Website Hosting) has infringed one or more claims of the '555 patent, including Claim 1, because it provides a method for providing remote data directory structure management capabilities to a requestor (*e.g.*, the User Portal interface) across a communications network (*e.g.*, the Internet) to receive a first request over a communications network for management of data directory structures recorded on a memory device (*e.g.*, a secure SQL server/database stored on the memory of a server), query a profile data store from which is selected one of several of data directory structures and providing and providing information about the selected data directory structure (*e.g.*, information on permissions, files, and operations available to users, account users, and administrators, for instance), receive a second request for a data file contained within the selected data directory structure and specifying an electronic address that is not associated with the requestor, sending the data file to the specified electronic address through a system that does

not include the requestor, create and send a message that the data file has been sent that contains the electronic address and describes the system used, receiving a third request describing how to modify the data directory structure, and modify the data directory structure as requested.

48.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

49.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,762,498

50.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

51.    The. '498 patent was issued on June 24, 2014, after full and fair examination by the USPTO of Application No. 13/731,731 which was filed on December 31, 2012.  *See* Ex. D.

52.    The claims of the '498 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve networks and network systems by anonymizing network activity for individual clients and groups of clients.

53.    The written description of the '498 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

54.    DataCloud owns all substantial rights, interest, and title in and to the '498 patent,

including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

55.     DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '498 patent.

56.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '498 patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its WP Engine Website Hosting.

57.     Upon information and belief, the WP Engine Website Hosting meet each and every element of at least Claim 1 of the '498 patent, either literally or equivalently.

58.     Based upon public information, the WP Engine Website Hosting has infringed one or more claims of the '498 patent, including Claim 1, because it provides a method of determining, by a controller device comprising a processor, a destination internet protocol (IP) address from a plurality of categories for virtual names (*e.g.*, alternate domains) based on a virtual namespace destination address (*e.g.*, the category of "wpengine.com" is related to the virtual namespace destination address of "www.wpengine.com") specified by request data received from a device, wherein a category of the plurality of categories is related to the virtual namespace destination address establishing a correlation between the destination IP address and a forwarder IP address of a forwarder device; and instructing the forwarder device to send the request data to the destination IP address. (*e.g.*, through a WWW server and SNI Routing)

59.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

60.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### JURY DEMAND

61.     Plaintiff demands a trial by jury on all issues.

### PRAYER FOR RELIEF

62.     Plaintiff respectfully requests the following relief:

A.     An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by WPEngine;

B.     An award of damages to be paid by WPEngine adequate to compensate Plaintiff for WPEngine's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for WPEngine's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C.     That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

D.     Any further relief that this Court deems just and proper.

Dated: <u>July 15, 2022</u>

Respectfully submitted,

By:<u>*/s/ James F. McDonough, III*</u>

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854)**
**ROZIER HARDT MCDONOUGH PLLC**
2590 Walnut Street, Suite 10
Denver, Colorado 80205
Telephone: (720) 820-3006
Email: matt@rhmtrial.com

James F. McDonough, III*
Jonathan R. Miller*
Travis E. Lynch*
**ROZIER HARDT MCDONOUGH PLLC**
3621 Vinings Slope, Suite 4300
Atlanta, Georgia 30339
Telephone: (470) 480-9505; -9517; -9514
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com
Email: lynch@rhmtrial.com

*Attorneys for Plaintiff DATACLOUD TECHNOLOGIES, LLC*

\* Admitted to the Western District of Texas
\*\* Admission *pro hac vice* anticipated

**LIST OF EXHIBITS**
    A.  U.S. Patent No. 7,209,959
    B.  U.S. Patent No. 7,398,298
    C.  U.S. Patent No. 8,615,555
    D.  U.S. Patent No. 8,762,498
    E.  Webpage: Products and Services Offered
    F.  Webpage: WordPress Hosting for Business Platform
    G.  Webpage: Enterprise WordPress Hosting Platform
    H.  Webpage: WooCommerce Hosting Platform
    I.  Webpage: Headless WordPress Platform