UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> WPENGINE, INC., <br><br> *Defendant*. | Case No. 6:22-cv-00786-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT WPENGINE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant WPEngine, Inc. ("WPEngine"), through its undersigned counsel, hereby answers the Complaint for Patent Infringement (Dkt. No. 1, "the Complaint") of Plaintiff DataCloud Technologies, LLC ("Plaintiff" or "DataCloud"), and responds to the allegations and characterizations in the following paragraphs:

**NATURE OF ACTION**

1. WPEngine admits that this is an action alleging that WPEngine has infringed one or more claims of United States Patent Nos. 7,209,959 ("the '959 patent"); 7,398,298 ("the '298 patent"); 8,615,555 ("the '555 patent"); and 8,762,498 ("the '498 patent") (individually, an "Asserted Patent" and collectively, the "Asserted Patents"). WPEngine denies that it has infringed any claim of any Asserted Patent.  WPEngine admits that Plaintiff includes what it purports to be copies of the Asserted Patents as Exhibits A–D.  WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the remaining allegations.

1

2. WPEngine admits that Plaintiff seeks monetary damages, but denies that Plaintiff is entitled to any damages.

## THE PARTIES

3. WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

4. Admitted.

5. Admitted.

6. Denied.

## JURISDICTION AND VENUE

7. WPEngine incorporates its responses to paragraphs 1 through 6 of the Complaint as if fully set forth herein.

8. This paragraph states legal conclusions to which no response is required. To the extent a response is deemed required, WPEngine does not contest subject matter jurisdiction for purposes of this case only.

9. This paragraph states legal conclusions to which no response is required. To the extent a response is deemed required, WPEngine does not contest personal jurisdiction for purposes of this case only.

10. Admitted.

11. Denied.

12. Admitted.

13. Denied.

14. This paragraph states legal conclusions to which no response is required. To the extent a response is deemed required, WPEngine denies that it has committed any act of patent

infringement, does not contest venue for purposes of this case only, and states that there are clearly more convenient forums (including the Austin Division) for this action.

## THE ACCUSED INSTRUMENTALITIES

15. Admitted.

16. Denied.

## COUNT I: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,209,959

17. WPEngine incorporates its responses to paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

19. Denied.

20. Denied.

21. WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

22. WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## COUNT II: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,398,298

28. WPEngine incorporates its responses to paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

30. Denied.

31. Denied.

32. WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

33. WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

**COUNT III: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,615,555**

39. WPEngine incorporates its responses to paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

41. Denied.

42. Denied.

43. WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

44. WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

**COUNT IV: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,762,498**

50. WPEngine incorporates its responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

52. Denied.

53. Denied.

54. WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

55. WPEngine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

**DEMAND FOR JURY TRIAL**

61. This paragraph sets forth the demand for jury trial requested by Plaintiff, to which no response is required.

**PRAYER FOR RELIEF**

62. WPEngine denies that Plaintiff is entitled to any relief, including the relief requested in paragraphs (A) through (D) of the Prayer for Relief section of the Complaint.

**WPENGINE'S AFFIRMATIVE DEFENSES**

1. WPEngine asserts the following defenses to the Complaint. All such defenses are pled in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief, and do not assume the burden of proof on such defenses that would otherwise rest on Plaintiff. WPEngine reserves the right to assert additional affirmative defenses based on information subsequently acquired through discovery and investigation or amendment of the Complaint or otherwise, if and to the extent such affirmative defenses are applicable.

**FIRST AFFIRMATIVE DEFENSE**

2. Each of the Asserted Patents expired before the present lawsuit was filed and Plaintiff does not assert any prior knowledge of any of the Asserted Patents by WPEngine, including that Plaintiff provided any notice to WPEngine of any alleged infringement of any of the Asserted Patents. Accordingly, Plaintiff can, at most, assert direct infringement of method claims prior to the expiration of each respective Asserted Patent.

3. WPEngine has not infringed any claim of the Asserted Patents, whether literally or under the doctrine of equivalents.

4. WPEngine does not perform each claimed step of asserted claim 13 of the '298 patent, including, by way of non-limiting example, "delivering desired data and the remote management control over the desired data to identified delivery targets by the computing application over the communications network."

5. WPEngine does not perform each claimed step of asserted claim 1 of the '555 patent, including, by way of non-limiting example, "receiving a second request, the second request

indicating a data file within the single data directory structure and an electronic address associated with a user other than the requestor," and "sending the file to the electronic address via a designated data file delivery mode without sending the data file to the requestor."

6. WPEngine does not perform each claimed step of asserted claim 1 of the '959 patent, including, by way of non-limiting example, "setting up a forwarding session between the client and a destination server corresponding to the destination website, the forwarding session employing a forwarder disposed between the client and the destination server to forward packets sent from the client to the destination server and to forward packets sent from the destination server to the client," "employing the forwarder to transfer packets between the client and the destination server during the forwarding session, wherein the forwarding session is set up and implemented such that neither the client or the destination server is aware of the employment of the forwarder," "employing a controller configured to communicate with the forwarder and a domain name server, wherein the controller queries the domain name server to resolve the name of the destination website associated with the destination server and initiates communication with the forwarder in response to an answer from the domain name server to resolve the name of the destination website associated with the destination server," or "employing a deceiver configured to communicate with the controller and the client, wherein the deceiver receives the request by the client to initiate communication with the destination website and initiates the controller to query the domain name server to resolve the name of the destination website associated with the destination server."

7. WPEngine does not perform each claimed step of asserted claim 1 of the '498 patent, including, by way of non-limiting example, "determining, by a controller device comprising a processor, a destination internet protocol (IP) address from a plurality of categories for virtual names based on a virtual namespace destination address specified by request data

received from a device, wherein a category of the plurality of categories is related to the virtual namespace destination address."

### SECOND AFFIRMATIVE DEFENSE

8. Plaintiff's claims against WPEngine are barred, in whole or in part, by the doctrine of prosecution disclaimer and/or prosecution history estoppel, including based on statements, amendments and/or representations made during the prosecution of the applications leading to the Asserted Patents.

### THIRD AFFIRMATIVE DEFENSE

9. One or more claims of each of the Asserted Patents is invalid for failure to comply with one or more of the conditions and requirements for patentability. For example, the claims are invalid at least pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112.

10. By way of non-limiting example, at least the prior art cited during prosecution of the Asserted Patents renders the claims of the Asserted Patents invalid under 35 U.S.C. §§ 102 and/or 103.

11. By way of an additional non-limiting example, the claims are invalid under 35 U.S.C. §101 because they are directed to abstract ideas without an inventive concept.

12. By way of an additional non-limiting example, the claims are invalid under 35 U.S.C. §112 for lack of written description, enablement and/or indefiniteness.

### FOURTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims for damages are limited by 35 U.S.C. §§ 286 and/or 287.

### FIFTH AFFIRMATIVE DEFENSE

14. Plaintiff fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred in whole or in part by the doctrine of ensnarement.

## RESERVATION OF ADDITIONAL DEFENSES

WPEngine reserves the right to seek leave to amend its Answer to plead additional defenses, and/or to supplement existing defenses, as such additional or existing defenses may become apparent during discovery and WPEngine's ongoing investigation.

## PRAYER FOR RELIEF

Wherefore, WPEngine requests judgment in its favor with the following relief:

A. The Complaint be dismissed with prejudice.

B. Judgment that WPEngine has not infringed and is not direct infringing, any claim of any Asserted Patent, in violation of 35 U.S.C. § 271.

C. Judgment that each of the claims of the Asserted Patents is invalid.

D. Judgment that Plaintiff and its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that WPEngine infringes any claims of any Asserted Patent.

E. Judgment and determination that this case is exceptional under 35 U.S.C. § 285 and that WPEngine is entitled to its attorneys' fees from Plaintiff.

F. Such other relief, including other monetary and equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

WPEngine demands a jury trial on all issues so triable.

Dated: September 27, 2022                    Respectfully submitted,

                                                        */s/ David P. Whittlesey*
                                                       David P. Whittlesey
                                                       Shearman & Sterling LLP

300 West 6th Street, 22nd Floor
Austin, TX 78701
Telephone: 512.647.1907
Facsimile: 512.857.6602
David.Whittlesey@Shearman.com

Patrick Colsher (*pro hac vice* to be filed)
Shearman & Sterling LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3728
Patrick.Colsher@Shearman.com

*Counsel for Defendant WPEngine, Inc.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 27, 2022, all counsel of record who have appeared in the above-captioned cases are being served with a copy of the foregoing.

                                                */s/ David P. Whittlesey*
                                                David P. Whittlesey